UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROBERT MCCONNELL, | No. 2:13-cv-2517 JAM KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| GARY SWARTHOUT, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel and in forma pauperis. Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the habeas petition because petitioner failed to exhaust his fifth claim, and petitioner's motion for stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005). For the reasons set forth below, the undersigned recommends that petitioner's motion for stay be denied, and that respondent's motion be partially granted.

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under

1

Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991).  Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

III. Background

    1. On July 1, 2010, in Plumas County Superior Court, petitioner was convicted of second degree murder, and a sentencing allegation that petitioner personally discharged a firearm, resulting in great bodily injury or death, was found true.  (Respondent's Lodged Documents ("LD") 1, 3.)

    2. On August 19, 2010, petitioner was sentenced to an indeterminate term of 40 years to life in state prison (15 years to life on the murder count, and 25 years to life for the sentencing allegation).  (LD 1.)

    3. Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District.  (LD 2.)  On January 27, 2012, the state appellate court affirmed the convictions and modified the sentence to an indeterminate sentence of twenty-five years to life.  (LD 3.)

    4. Petitioner, through counsel, filed a petition for review in the California Supreme Court on February 8, 2012.  (LD 5.)  Petitioner's grounds four, six, and seven were included in the petition for review.  (Id.)  On April 18, 2012, the California Supreme Court denied review without comment.  (LD 6.)

    5. On June 4, 2012, the Plumas County Superior Court filed an Amended Abstract of Judgment.  (LD 4.)

    6. On July 28, 2013, under the mailbox rule,[1] petitioner filed a pro se petition for writ of habeas corpus in the California Supreme Court.  (LD 7.)  Petitioner's grounds one, two and three were included in this pro se petition.  (Id.)  On October 16, 2013, the California Supreme Court denied the petition.  (LD 8.)

////

---

[1] Under the mailbox rule, a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988).

7. On November 25, 2013, under the mailbox rule, petitioner filed the instant federal petition. (ECF No. 1.)

8. On March 4, 2014, respondent filed a motion to dismiss the mixed petition based on petitioner's failure to exhaust claim five. On May 6, 2014, the court issued an order explaining petitioner's options for seeking a stay under Rhines or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). (ECF No. 20.)

9. On June 19, 2014, petitioner filed a motion for stay under Rhines. (ECF No. 21.) On June 23, 2014, respondent filed an opposition to the motion for stay, and on July 29, 2014, petitioner filed a reply. (ECF Nos. 22, 25.)

Petitioner seeks leave to exhaust ground five in the petition, in which petitioner contends that he was denied a fair trial because the trial court improperly permitted delivery of the transcripts of petitioner's recorded interviews to the jury without making arrangements to provide the recordings to be played for the jury. (ECF No. 1 at 9-10.) Petitioner notes that the trial judge initially concluded that the transcripts should not be allowed in the deliberations room, but the prosecution urged that the jurors should be trusted to follow the instructions that the transcripts were only a "guide," and the trial court permitted them into the jury room. For ease of reference, the court refers to this claim as petitioner's "fifth claim."

IV. Motion for Stay Under Rhines

Petitioner contends that good cause exists because despite appellate counsel including this fifth claim on direct appeal, appellate counsel omitted the fifth claim from the petition for review. (ECF No. 21 at 1.) Petitioner states that appellate counsel failed to inform petitioner prior to filing the petition for review that counsel decided to abandon this claim. Petitioner claims that if appellate counsel had informed him, he would have presented this claim to the California Supreme Court. (ECF No. 21 at 2.)

Respondent argues that petitioner's claim that appellate counsel failed to inform petitioner that counsel had abandoned the fifth claim, should be rejected because it is "identical to the basis rejected in Wooten [v. Kirkland, 540 F.3d 1019 (9th Cir. 2008)]." (ECF No. 22 at 2.)

////

3

In reply, petitioner contends that his claim differs from Wooten because petitioner alleges that had counsel informed petitioner that he abandoned the claim, petitioner would have "taken affirmative steps to ensure either (1) that the issue be briefed, or (2) that he would have gone on the record of his opposition to the deletion of this claim from the appellate process." (ECF No. 25 at 3.)

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 515 (1982).[2] A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

"[P]etitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines, 544 U.S. at 275. Therefore, a federal petition containing both exhausted and unexhausted claims may be stayed if: (1) petitioner demonstrates good cause for the failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not been dilatory in pursuing the litigation. Id., 544 U.S. at 277-78.[3] The Supreme Court emphasized that district courts should stay mixed petitions only in "limited circumstances." Id., 544 U.S. at 277.

---

[2] However, federal courts may adjudicate unexhausted claims when they are plainly meritless. See 28 U.S.C. § 2254(b)(2).

[3] A second procedure for staying mixed petitions, known as the "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process: "(1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). The Kelly procedure is riskier than the Rhines procedure because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred under the one year statute of limitations. See King, 564 F.3d at 1140-41.

Recently, the Ninth Circuit addressed the issue of good cause:

> There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust. In Rhines, the Supreme Court did not explain the standard with precision. See 544 U.S. at 275-78, 125 S. Ct. 1528. The Court has since addressed the meaning of good cause in only one other case, recognizing in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005) (citing Rhines, 544 U.S. at 278, 125 S. Ct. 1528).
>
> Similarly, our cases on the meaning of good cause under Rhines are also sparse. In Jackson v. Roe, 425 F.3d 654 (9th Cir.2005), we held that good cause does not require a showing of "extraordinary circumstances." Id. at 661-62. In Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), we held that a petitioner did not establish good cause simply by alleging that he was "under the impression" that his claim was exhausted. Id. at 1024. We explained that accepting as good cause the mere "lack of knowledge" that a claim was exhausted "would render stay-and-abey orders routine" because "virtually every habeas petitioner" represented by counsel could assert that he was unaware of his attorney's failure to exhaust. Id.

Blake v. Baker, 745 F.3d 977, 981-82 (9th Cir. 2014). "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Id. at 982. The Ninth Circuit concluded that the Rhines standard for cause based on ineffective assistance of counsel "cannot be any more demanding" than the cause standard required to excuse the procedural default of a habeas claim, as set forth in Martinez v. Ryan, 132 S. Ct. 1309 (2012). Blake, 745 F.3d at 983-84.

Previously, several district courts similarly concluded that the good cause standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F.Supp.2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand and collecting cases). Another district court held that the Rhines good cause standard

> requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, by circumstances over which he had no control, such as actions by counsel, either in contravention of the petitioner's clearly expressed desire to raise the claim, or when petitioner had no knowledge of the claim's existence.

Riner v. Crawford, 415 F.Supp 2d 1207, 1211 (D. Nev. 2006). Subsequently, in Wooten, the

5

1  Ninth Circuit found that the prisoner's alleged ignorance was unjustified because his counsel had
2  mailed him a copy of his state petition, which did not include the unexhausted claim, and he did
3  not claim his counsel was ineffective for failing to include the claim. Id., 540 F.3d at 1024 n.2;
4  see also Frluckaj v. Small, 2009 WL 393776, at *5-6 (C.D. Cal. 2009) (finding that where
5  petitioner was aware of claim and could have presented the claim to California state courts before
6  filing federal habeas petition, petitioner had not shown either "cause" or "good cause" to satisfy
7  Rhines).

V. Discussion

The undersigned is persuaded that petitioner's claim is similar to the claim in Wooten. Petitioner's argument that he would have taken action had counsel informed him that he was not pursuing the fifth claim does not change the fact that petitioner was apparently unaware that counsel did not include the fifth claim in the petition for review. Instead, petitioner's argument raises an inference that if counsel did not so inform petitioner, petitioner must have thought counsel included it. The Ninth Circuit has stated an unwillingness to find good cause in such circumstances:

> [I]f the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay. Such a scheme would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in "limited circumstances."

Wooten, 540 F.3d at 277.

Importantly, the record reflects that by at least July 28, 2013, when petitioner completed and signed his pro se petition for writ of habeas corpus filed in the California Supreme Court, petitioner was aware that his fifth claim had not been included in the petition for review. (LD 7 at 5.) In his answer to question 8, he listed the issues raised on appeal as (1) enhancement penalty; exclusion of appellant's statements; (2) error in jury instruction; prosecutorial misconduct; and (3) transcripts improperly given to jury in deliberations. In his answer to question 9, petitioner listed the issues raised in the petition for review: (1) exclusion of appellant's statements; (2) trial court made error in jury instructions; and (3) prosecutorial misconduct. (LD 7 at 5.) Yet, despite

6

1  having expressly set forth these claims, petitioner failed to include his fifth claim in his pro se
2  petition for writ of habeas corpus.  Rather, petitioner included the following new claims:  (1)
3  ineffective assistance of counsel - failure to investigate; (2) ineffective assistance of counsel -
4  failure to prepare and call petitioner to testify; and (3) actual innocence.  (LD 7, Att. "A" at 5-9.)
5  The pro se petition for writ of habeas corpus is signed by petitioner under penalty of perjury.  (LD
6  7 at 6.)

7  In his motion and reply, petitioner fails to explain when he became aware that the fifth
8  claim was not included in the petition for review, but his arguments surrounding counsel's alleged
9  failure to inform petitioner are focused around the time frame before and up to the time that the
10  petition for review was filed on February 2, 2012.  Petitioner does not claim that counsel failed to
11  send him a copy of the petition for review.  Petitioner fails to explain why he did not include the
12  claim in his pro se petition signed July 28, 2013, when he clearly noted within the pro se petition
13  that the claim had not been raised in the petition for review.  Thus, the record reflects that it was
14  within petitioner's control to timely include the fifth claim in the pro se petition, and no good
15  cause exists to grant a stay under Rhines for this reason as well.  See Wooten, 540 F.3d at 1024;
16  see also Brannigan v. Barnes, 2014 WL 3401449, *4 (E.D. Cal. July 11, 2014)(collecting cases).

17  Therefore, the undersigned finds that petitioner has failed to demonstrate good cause
18  under Rhines.[4]  Accordingly, the court need not address the remaining prongs of Rhines.

VI.  Alternative Argument

20  In his reply, petitioner argues, for the first time, that the court should deem his fifth claim
21  exhausted because it is "intertwined" with his first claim raised in the petition for review -- that
22  his statements to investigating officers should have been excluded from evidence because they
23  were involuntary and because his waiver of the right to remain silent was involuntary in violation
24  of Miranda v. Arizona, 38 U.S. 436 (1966).  (ECF No. 27 at 3, citing LD 5 at 5.)  While not
25  entirely clear, it appears that petitioner contends that his fifth claim relates back to this fully

---

[4] It also appears that petitioner's fifth claim was untimely-filed.  Smith v. Horel, 2008 WL 2038855, *5 (C.D. Cal. 2008) (petitioner not entitled to stay to exhaust untimely claims). However, defendants did not raise a statute of limitations defense in their motion to dismiss; accordingly, the court declines to address this issue *sua sponte*.

7

exhausted claim because the lawfulness of the statements made by petitioner are the same statements included in the transcripts provided to the jury at issue in his fifth claim.

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).

Here, petitioner's alternative argument is unavailing for the following reasons. First, raising a new issue in a reply is inappropriate because it deprives respondent of an opportunity to respond. Second, petitioner's argument fails because the issue of whether or not petitioner's statements were voluntarily made under Miranda differs from whether the trial court erred in allowing the jury to use transcripts of such statements during jury deliberations because they should have been presented along with the actual recordings. Such claims are not intertwined in the way ineffective assistance of counsel claims are intertwined with the merits of the claim asserted. Third, "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 32 (2004) (state appellate judge is not required to read the lower court opinion in order to discover federal claim). Here, although counsel appended the appellate court's opinion to the petition for review, the fifth claim was not included within the

petition for review.  (LD 5.)  Thus, the California Supreme Court would have had to review the lower court's opinion to find out that the statements were provided in transcript form to the jury during jury deliberations, and to discover that petitioner objected to such provision.

For all of these reasons, petitioner's alternative argument is unavailing.

VII. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for stay (ECF No. 21) be denied;

2. Respondent's motion to dismiss (ECF No. 15) be partially granted;

3. Petitioner's unexhausted claim five be dismissed without prejudice; and

4. Respondent be directed to file a responsive pleading within thirty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 12, 2014

/mcco2517.mtd.hc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE