1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM R. MCCONNELL,                     No.  2:13-cv-2517 JAM KJN P

12                    Petitioner,

13        v.                                    ORDER

14   GARY SWARTHOUT,

15                    Respondent.

16

17        Petitioner is a state prisoner, proceeding without counsel.  On January 16, 2015, petitioner

18   filed a motion for order to correct and augment the record.  Petitioner contends that respondent

19   failed to lodge "critical portions of the record," specifically, the complete record of habeas corpus

20   proceedings in the Superior Court.  Petitioner claims that the failure of respondent to provide the

21   "Superior Court's two separate, and detailed decisions that denied" petitioner's habeas relief

22   addressing claims 1, 2, and 3 in the instant petition, deprived petitioner an opportunity to argue

23   that such reasoned decisions were contrary to, or an unreasonable application of federal law.

24   (ECF No. 37 at 2.)  Petitioner did not provide a superior court case number or provide copies of

25   any filings or rulings in or by the Plumas County Superior Court on a petition for writ of habeas

26   corpus.

27        However, the Rules Governing Section 2254 Cases provides that the answer "must also

28   indicate what transcripts . . . are available," and respondent must attach "parts of the transcript

1

1   that the respondent considers relevant."  Rule 5(c), 28 U.S.C. foll. § 2254.  "The judge may order

2   that the respondent furnish other parts of existing transcripts."  Id.

3          On January 22, 2015, the court issued a briefing order on petitioner's motion to augment

4   or correct the record, but respondent did not file an opposition or otherwise respond to

5   petitioner's motion.  Respondent's motion to dismiss did not recount the filing of petitions for

6   writs of habeas corpus in the Plumas County Superior Court.  (ECF No. 15.)  Neither notice of

7   lodging filed by respondent reflects the lodging of a petition for writ of habeas corpus or denial of

8   such petition by the Plumas County Superior Court.  (ECF Nos. 16, 30.)  The court has reviewed

9   the documents lodged by respondent, and there is no indication that petitioner filed a petition for

10  writ of habeas corpus in the Plumas County Superior Court.  The findings and recommendations

11  issued on August 12, 2014, did not reflect the filing of such a petition (ECF No. 26 at 2-3), and

12  petitioner did not object to the background as articulated therein.

13         However, in his answer, respondent does not affirmatively state that the Plumas County

14  Superior Court was contacted and no petition for writ of habeas corpus was filed.  (ECF No. 29.)

15  In addition, respondent did not argue that any reasoned decision by the Plumas County Superior

16  Court on such a petition for writ of habeas corpus was not relevant.  (Id.)  In any event, if

17  petitioner filed petitions for writs of habeas corpus in the Plumas County Superior Court, and

18  reasoned decisions on claims contained in the instant petition were issued by the Plumas County

19  Superior Court, such documents are relevant and should be lodged herein.  See Cannedy v.

20  Adams, 706 F.3d 1148, 1158-59 (9th Cir. 2013) (holding that the "look through" doctrine[1]

21  survives Harrington v. Richter, 131 S. Ct. 770 (2011)); Richter, 131 S. Ct. at 785 (stating that the

22  presumption that a state court's summary denial is an adjudication on the merits "may be

23  overcome when there is reason to think some other explanation for the state court's decision is

24  more likely").

---

[1]  Where there is no reasoned decision from the state's highest court, the Court "looks through" to
the underlying appellate court decision.  Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991).  "It
has long been the practice of federal habeas courts to "look through" summary denials of claims
by state appellate courts and review instead the last reasoned state-court decision."  Williams v.
Cavazos, 646 F.3d 626, 635 (9th Cir. 2011), overruled on other grounds by Johnson v. Williams,
133 S. Ct. 1088 (2013).

25
26
27
28

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion (ECF No. 37) is partially granted;

2.  Within seven days from the date of this order, respondent shall contact the Plumas County Superior Court to obtain copies of petitions for writs of habeas corpus filed by petitioner and rulings thereon, if any;

3.  Upon receipt of such documents, respondent shall lodge them with this court, and shall advise the court whether respondent intends to file an amended answer or stand on the previously-filed answer; in the alternative, if no such documents exist, respondent shall forthwith file such notice; and

4.  Petitioner's obligation to file a traverse is suspended until further order of court.

Dated:  March 5, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcco2517.tran

3